CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 2 6 2006

JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:99-CR-70054 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| STACEY L. HAMLETT, | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |
| Defendant. | ) | |

This matter is before the court upon the defendant's motion for modification of sentence and fine. Specifically, defendant claims asks the court to direct the Bureau of Prisons (BOP) to ignore the sentence enhancement he received for possession of a firearm so that he can get a year's reduction in sentence for completion of a residential drug treatment program before his scheduled release in 29 months. He also claims that the BOP is improperly seeking to collect more monies from him every month than the amount provided for on the court's judgment order. Upon review of the record, the court will deny the motion.

First, the BOP is well within its rights to deny this defendant any sentence reduction in exchange for his completion of a drug rehabilitation program. Because his non-violent drug-trafficking sentence was enhanced for possession of a firearm, he falls under the BOP's bright-line rule that a defendant's involvement with firearms indicates the defendant's willingness to put others' lives at risk, making him inappropriate for early release. Lopez v. Davis, 531 U.S. 230, 234-35 (2001); Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999). Therefore, the court will deny defendant's motion for sentence modification in this regard. Nevertheless, the court strongly

1

encourages the defendant to take advantage of whatever drug rehabilitation programs are offered to him before his upcoming release.

Second, this court has no jurisdiction to address defendant's complaint about the collection of payments toward the fine imposed in this case. Such claims, regarding execution of the sentence rather than legality of the sentence, are appropriately raised in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). Such an action may only be filed after the defendant has exhausted administrative remedies within the BOP and must be filed in the district where the defendant is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); Pelissero, 170 F.3d at 445. If defendant believes that the BOP is collecting his fine at a higher rate than allowed by the judgment order, he must first exhaust administrative remedies within the BOP and if he is still aggrieved, he may then seek judicial review of those administrative decisions by filing a petition under § 2241 in the jurisdiction where he is confined (West Virginia). As this court has no jurisdiction to address his claims under § 2241, the court will not construe his current motion as such a petition. Instead, the court will dismiss his claims without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant at his current place of incarceration and to counsel of record for the government.

ENTER: This 26th day of May, 2006.

_____
United States District Judge

2